James J. Elacqua (CSB No.: 187897)
james.elacqua@dechert.com
Noemi C. Espinosa (CSB No.: 116753)
nicky.espinosa@dechert.com
Ellen J. Wang (CSB No.: 215478)
ellen.wang@dechert.com
DECHERT LLP
1117 California Avenue
Palo Alto, California 94304
Telephone:    (650) 813-4800
Facsimile:    (650) 813-4848

**E-FILING**            **ADR**

**ORIGINAL FILED**

JUL 2 1 2006

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Attorneys for Plaintiffs
MEDTRONIC, INC., MEDTRONIC USA, INC.,
AND MEDTRONIC VASCULAR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C 06 - 04455   JL

MEDTRONIC, INC., a Minnesota
corporation, MEDTRONIC USA, INC., a
Minnesota corporation, and MEDTRONIC
VASCULAR, INC., a Delaware corporation,

      Plaintiffs,

  v.

W.L. GORE & ASSOCIATES, INC., a
Delaware corporation,

      Defendant.

Case No.

**COMPLAINT FOR PATENT
INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

**CERTIFICATION OF INTERESTED
PARTIES**

Plaintiffs, Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc.

(collectively "Plaintiffs"), by and for their Complaint against defendant, W.L Gore & Associates,

Inc. ("Gore") allege as follows:

**I.**

**NATURE OF THE CASE**

1.    This is a case to enforce patents against infringement.  Plaintiffs hold the rights to

U.S. Patent Nos. 4,886,062, 6,656,219, 6,923,828, 5,067,957, and 6,306,141 (collectively, the

DECHERT LLP
ATTORNEYS AT LAW
PALO ALTO

COMPLAINT FOR PATENT INFRINGEMENT
12394862.1

1    "patents-in-suit.")  The United States patent laws grant the holder of a patent the right to exclude

2    infringers from making, using or selling the invention claimed in a patent, and to recover damages

3    for the infringer's violations of these rights, and to recover treble damages where the infringer has

4    willfully infringed the patent.  Plaintiffs are suing Gore for infringing their patents, and doing so

5    willfully.  Plaintiffs seek to recover damages for Gore's infringement, including treble damages

6    for willful infringement, as well as injunctive relief to end Gore's further infringement.

## II.

## THE PARTIES

9    2.    Medtronic, Inc. ("INC") is a Minnesota Corporation, having its principal place of

10   business in Minneapolis, Minnesota.

11   3.    Medtronic USA, Inc. ("USA") is a Minnesota corporation with its principal place

12   of business in Minneapolis, Minnesota.

13   4.    Medtronic Vascular, Inc. ("VASCULAR") is a Delaware corporation with a

14   principal place of business in Santa Rosa, California, within this judicial district.

15   5.    Plaintiffs develop, manufacture and sell medical devices, including endoprosthesis

16   devices and related products.  Vascular and USA have contractual rights to sue for damages and

17   to exclude others from practicing the inventions claimed in the patents-in-suit.

18   6.    Upon information and belief, Gore is a Delaware corporation.  Gore develops,

19   manufactures and sells medical devices, including the EXCLUDER® AAA endoprosthesis, the

20   TAG thoracic endoprosthesis and the VIABAHN® SFA endoprosthesis devices.  Gore is doing

21   business within this judicial district by offering for sale and selling such endoprosthesis devices.

22   Gore has a place of business at 1327 Orleans Drive, Sunnyvale, California, 94089.

## III.

## JURISDICTION AND VENUE

25   7.    This is an action for patent infringement arising under the patent laws of the

26   United States of America, Title 35 § 271 of the United States Code.

27   8.    This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331

28   and 1338(a).

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because, upon information and belief, Gore has, among other things, committed infringing acts in this district and generally does business in this district.

## INTRADISTRICT ASSIGNMENT

10.      This patent action is in an excepted category for Local Rule 3-2(c), Assignment of a Division, and will be assigned on a district wide basis.

## IV.

## CLAIMS FOR RELIEF

## COUNT I

## (Patent Infringement of U.S. Patent 4,886,062)

11.      Plaintiffs hereby incorporate by reference paragraphs 1-10 of this Complaint.

12.      U.S. Patent No. 4,886,062 (the "'062 Patent"), entitled "Intravascular Radially Expandable Stent and Method of Implant," duly and legally issued on December 12, 1989, to Dominik M. Wiktor (attached as Exhibit A), with INC as the named assignee.

13.      INC is the current assignee of the rights under the '062 Patent.

14.      On information and belief, Gore has been, and is currently infringing, directly and/or through acts of contributory infringement or inducement, one or more claims of the '062 Patent by, among other things, making, using, selling and/or offering for sale, certain medical devices, within the territorial boundaries of the United States, including this district, that embody and/or practice the inventions claimed in the '062 Patent.

15.      On information and belief, Gore's infringement of the '062 Patent has been and is willful, and will continue unless enjoined by this Court. Plaintiffs have suffered, and will continue to suffer, irreparable harm as a result of this willful infringement. Remedies available at law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will continue to suffer. In considering the balance of hardships between Plaintiffs and Gore, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiffs are entitled to a permanent injunction against further infringement pursuant to 35 U.S.C. § 283, and treble damages for willful infringement pursuant to 35 U.S.C. § 284.

1

**COUNT II**

**(Patent Infringement of U.S. Patent 6,656,219)**

3        16.     Plaintiffs hereby incorporate by reference paragraphs 1-10 of this Complaint.

4        17.     U.S. Patent No. 6,656,219 (the "'219 Patent"), entitled "Intravascular Stent," duly

5    and legally issued on December 2, 2003, to Dominik M. Wiktor (attached as Exhibit B).

6        18.     INC is the current assignee of the rights under the '219 Patent.

7        19.     On information and belief, Gore has been, and is currently infringing, directly

8    and/or through acts of contributory infringement or inducement, one or more claims of the '219

9    Patent by, among other things, making, using, selling and/or offering for sale, certain medical

10   devices, within the territorial boundaries of the United States, including this district, that embody

11   and/or practice the inventions claimed in the '219 Patent.

12       20.     On information and belief, Gore's infringement of the '219 Patent has been and is

13   willful, and will continue unless enjoined by this Court.  Plaintiffs have suffered, and will

14   continue to suffer, irreparable harm as a result of this willful infringement.  Remedies available at

15   law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will

16   continue to suffer.  In considering the balance of hardships between Plaintiffs and Gore, a remedy

17   in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent

18   injunction.  Plaintiffs are entitled to a permanent injunction against further infringement pursuant

19   to 35 U.S.C. § 283, and treble damages for willful infringement pursuant to 35 U.S.C. § 284.

**COUNT III**

**(Patent Infringement of U.S. Patent 6,923,828)**

22       21.     Plaintiffs hereby incorporate by reference paragraphs 1-10 of this Complaint.

23       22.     U.S. Patent No. 6,923,828 (the "'828 Patent"), entitled "Intravascular Stent," duly

24   and legally issued on August 2, 2005, to Dominik M. Wiktor (attached as Exhibit C) with INC as

25   the assignee.

26       23.     INC is the current assignee of the rights under the '828 Patent.

27       24.     On information and belief, Gore has been, and is currently infringing, directly

28   and/or through acts of contributory infringement or inducement, one or more claims of the '828

1 Patent by, among other things, making, using, selling and/or offering for sale, certain medical

2 devices, within the territorial boundaries of the United States, including this district, that embody

3 and/or practice the inventions claimed in the '828 Patent.

4        25.     On information and belief, Gore's infringement of the '828 Patent has been and is

5 willful, and will continue unless enjoined by this Court.  Plaintiffs have suffered, and will

6 continue to suffer, irreparable harm as a result of this willful infringement.  Remedies available at

7 law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will

8 continue to suffer.  In considering the balance of hardships between Plaintiffs and Gore, a remedy

9 in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent

10 injunction.  Plaintiffs are entitled to a permanent injunction against further infringement pursuant

11 to 35 U.S.C. § 283, and treble damages for willful infringement pursuant to 35 U.S.C. § 284.

12 **COUNT IV**

13 **(Patent Infringement of U.S. Patent 5,067,957)**

14        26.     Plaintiffs hereby incorporate by reference paragraphs 1-10 of this Complaint.

15        27.     U.S. Patent No. 5,067,957 (the "'957 Patent"), entitled "Method Of Inserting

16 Medical Devices Incorporating SIM Alloy Elements" duly and legally issued on November 26,

17 1991 to James E. Jervis (attached as Exhibit D), with Raychem Corporation as the originally

18 named assignee.

19        28.     INC is the current assignee of the rights under the '957 Patent.

20        29.     On information and belief, Gore has been, and is currently infringing, directly

21 and/or through acts of contributory infringement or inducement, one or more claims of the '957

22 Patent by, among other things, making, using, selling and/or offering for sale, certain medical

23 devices, within the territorial boundaries of the United States, including this district, including

24 this district, that embody and/or practice the inventions claimed in the '957 Patent.

25        30.     On information and belief, Gore's infringement of the '957 Patent has been and is

26 willful, and will continue unless enjoined by this Court.  Plaintiffs have suffered, and will

27 continue to suffer, irreparable harm as a result of this willful infringement.  Remedies available at

28 law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will

1    continue to suffer.  In considering the balance of hardships between Plaintiffs and Gore, a remedy

2    in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent

3    injunction.  Plaintiffs are entitled to a permanent injunction against further infringement pursuant

4    to 35 U.S.C. § 283, and treble damages for willful infringement pursuant to 35 U.S.C. § 284.

5                                              <u>COUNT V</u>

6                          **(Patent Infringement of U.S. Patent 6,306,141)**

7             31.      Plaintiffs hereby incorporate by reference paragraphs 1-10 of this Complaint.

8             32.      U.S. Patent No. 6,306,141 (the "'141 Patent"), entitled "Medical Devices

9    Incorporating SIM Alloy Elements," duly and legally issued on October 23, 2001, to James E.

10   Jervis (attached as Exhibit E), with INC as the named assignee.

11            33.      INC is the current assignee of the rights under the '141 Patent.

12            34.      On information and belief, Gore has been, and is currently infringing, directly

13   and/or through acts of contributory infringement or inducement, one or more claims of the '141

14   Patent by, among other things, making, using, selling and/or offering for sale, certain medical

15   devices, within the territorial boundaries of the United States, including this district, that embody

16   and/or practice the inventions claimed in the '141 Patent.

17            35.      On information and belief, Gore's infringement of the '141 Patent has been and is

18   willful, and will continue unless enjoined by this Court.  Plaintiffs have suffered, and will

19   continue to suffer, irreparable harm as a result of this willful infringement.  Remedies available at

20   law are inadequate to compensate Plaintiffs for the irreparable harm they have suffered and will

21   continue to suffer.  In considering the balance of hardships between Plaintiffs and Gore, a remedy

22   in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent

23   injunction.  Plaintiffs are entitled to a permanent injunction against further infringement pursuant

24   to 35 U.S.C. § 283, and treble damages for willful infringement pursuant to 35 U.S.C. § 284.

25            36.      Plaintiffs have complied with the notice provisions of 35 U.S.C. § 287 with respect

26   to the '141 patent.

27

28

# V.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1.      That Gore be adjudged to have infringed, directly and/or through acts of contributory infringement, and or to have induced infringement under 35 U.S.C. § 271 of the 4,886,062, 6,656,219, 6,923,828, 5,067,957, and 6,306,141 patents;

2.      That Gore, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, be preliminarily and permanently enjoined and restrained under 35 U.S.C. § 283 from infringing in any manner the patents-in-suit;

3.      That Gore be ordered to pay Plaintiffs an award of damages pursuant to 35 U.S.C. § 284 to adequately compensate Plaintiffs for Gore's direct, contributory and/or inducement of infringement of the patents-in-suit;

4.      That the award of damages to Plaintiffs be trebled pursuant to 35 U.S.C. § 284 for Gore's willful infringement of the patents-in-suit;

5.      That this case is an exceptional case and award Plaintiffs their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

6.      For an assessment of pre-judgment and post-judgment interest and costs against Gore, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284; and

7.      That Plaintiffs be awarded such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:      July 21, 2006                DECHERT LLP

By
        James J. Elacqua
        Noemi C. Espinosa
        Ellen J. Wang

Attorneys for Plaintiffs
MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC VASCULAR, INC.

1

**DEMAND FOR TRIAL BY JURY**

2          Plaintiffs hereby demand a trial by jury for all issues so triable in this action.

3    Dated:        July 21, 2006                          DECHERT LLP

4

5                                                   By:

6                                                        James J. Elacqua
                                                         Noemi C. Espinosa
7                                                        Ellen J. Wang

8                                                   Attorneys for Plaintiffs
                                                    MEDTRONIC, INC.
9                                                   MEDTRONIC USA, INC.
                                                    MEDTRONIC VASCULAR, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

Pursuant to this district's Local Rule 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a nonfinancial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

Medtronic, Inc.

Medtronic USA, Inc.

Medtronic Vascular, Inc.

Dated:     July 21, 2006

DECHERT LLP

By:
James J. Elacqua
Noemi C. Espinosa
Ellen J. Wang

Attorneys for Plaintiff
MEDTRONIC, INC.
MEDTRONIC USA, INC.
MEDTRONIC VASCULAR, INC.