IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiffs,

v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.

No. C 06-04455 JSW

**ORDER SETTING STATUS CONFERENCE RE CLAIM CONSTRUCTION**

The Court has received the parties' joint claim construction brief and Plaintiffs' opening claim construction brief.

In the joint claim construction brief, the parties purport to identify ten terms, phrases or clauses for construction. In that statement the parties' state that they "have been able to agree *in concept* on the ten claim terms to be construed by the Court, the parties have separately articulated their respective claim terms within the ten numbered groupings in the chart." (Joint Claim Construction Statement at 2:12-14.)

It is evident, however, that more than ten terms, phrases or clauses are included. (*See, e.g.,* Joint Claim Construction Statement, section 3 (re: Gore's proposed constructions).) In addition, in Plaintiffs' opening brief, Plaintiffs state that "Gore has designated a multitude of phrases that it deems necessary to construct," but that Plaintiffs "propose the following ten terms discussed below be construed by the Court." (Plaintiffs' Opening Brief at 5:24-27.)

The Court is concerned that the parties have not, in fact, agreed upon ten terms, phrases or clauses to be construed.

Moreover, in some cases, it may be appropriate to construe phrases or clauses, rather than discrete terms. However, in some cases, it may be that only a discrete part of a phrases or clause truly is in dispute, and the remainder of the phrase or clause provides a party with context for the meaning of that discrete term. Before engaging in a lengthy claim construction process, the Court requests that the parties again give serious consideration as to whether only discrete terms within lengthy phrases are in dispute.

Accordingly, the parties are HEREBY ORDERED to meet and confer in a good faith attempt to further narrow the terms, phrases and clauses, to ten truly disputed terms, phrases or clauses. With respect to phrases and clauses, if the crux of the dispute is over a discrete term within the phrase or clause and the remainder of the phrase or clause merely provides context for the proposed meaning of the term, *only* the discrete term should be presented for construction. The parties shall be free to argue how the remainder of the phrase or clause gives meaning to that term in their argument.

It is FURTHER ORDERED that the parties are to appear for a status conference on July 13, 2007 at 1:30 p.m. to report on their efforts to narrow the issues to be decided. The parties' briefing schedule and claim construction tutorial and hearing dates shall not be vacated at this time. The Court shall revisit the matter of the tutorial and the hearing date, after considering the parties' positions on these issues at the status conference.

If the parties wish to appear by telephone, they shall filed the appropriate request with the Court setting forth the basis on which they are unable to appear in person.

**IT IS SO ORDERED.**

Dated: July 2, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2