IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., ET AL,

    Plaintiff,

  v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.
_____/

No. C 06-04455 JSW

**NOTICE OF TENTATIVE CLAIM CONSTRUCTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON AUGUST 14, 2007, AT 2:00 p.m.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The parties shall each have 90 minutes to present their respective arguments on claim construction.

### 1. "Stress-induced martensite"

The Court **tentatively adopts** Medtronic's construction of the term, but wishes to hear from Medtronic why the additional language proffered in the *Boston Scientific* case was not included here, *i.e.* "Martensite that forms due to the presence of stress, *applied while the alloy is above its Ms temperature, where Ms is determined at zero stress."* (*See* Wang Decl., Ex. B at 14.)

### 2. "Shape memory alloy element" and "memory alloy element"

The Court **tentatively proposes** the following construction, "a device or device component made of an alloy that can be caused to revert, or to attempt to revert, from its unstable deformed shape to its stable, original state."

### 3. "Restraining means" "Restraining Member" and "Restraint"

The Court **tentatively rejects** that aspect of Gore's proposed construction that would include a requirement that martensite be formed by the application of stress alone and also **tentatively rejects** Gore's suggestion that the term include the reference to the temperature is above the austenite start temperature. With respect to the '957 Patent, the Court **tentatively construes** the term to mean "a device that prevents the transformation of the shape memory alloy element back into its original state."

With respect to the '141 Patent, the Court **tentatively construes** the term to mean that "a device component that surrounds the shape memory alloy element to prevent the transformation of the shape memory alloy element back into its original shape."

### 4. "Wherein the memory alloy element can be extruded from the hollow placement device by the guide wire"

The Court **tentatively construes** this term to mean "the device or memory alloy element is forced out of the hollow placement device by the guide wire." The Court's tentative construction is based upon the fact that the parties have not asked the Court to construe the term "a guide wire," from which the term "the guide wire" as used in the disputed phrase draws its antecedent basis.

2

**5. "Catheter at least partly formed from a pseudoelastic shape memory alloy"**

The Court **tentatively construes** this term to mean "a tube inserted into a cavity or duct to withdraw or introduce devices that is made of, at least in part, a pseudoelastic shape-memory alloy."

**6. "Stent"**

The Court **tentatively construes** this term to mean "a device used to maintain the patency of a body vessel," for all of the patents in which the term appears.

**7. "Zig zag means"**

With respect to structure, the Court **tentatively adopts** Medtronic's proposed construction. With respect to function, the Court **tentatively construes** this term to mean that "to expand the device radially without a substantial reduction in length."

**8. "Expand" and its variations.**

The Court **tentatively adopts** Medtronic's proposed construction.

**9. Method Claims 9, 10, and 12 of the '062 Patent.**

The Court **tentatively concludes** that the steps of these patents do not need to be performed separately or in the order specified in the claims.

Dated: August 13, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3