IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., ET AL,<br><br>　　　Plaintiffs,<br><br>　v.<br><br>W.L. GORE & ASSOCIATES, INC.,<br><br>　　　Defendant. | No. C 06-04455 JSW<br><br>**ORDER GRANTING MOTION TO CLARIFY CLAIM CONSTRUCTION ORDER AND GRANTING PLAINTIFFS' LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

The Court has received Plaintiffs' motion for an order clarifying the Court's claim construction Order regarding the term "stent," as used in the Wiktor Patents. In its Claim Construction Order, the Court stated:

> Gore also argues that the "stent" of the Wiktor patent cannot include graft material, *i.e.* it is a "bare" wire stent. Medtronic asserts that the Court should not so limit the claims, because the specification notes that the stent can be used for the repair of aneurysms or to support artificial vessels or liners of vessels. Looking at the claims in which the term stent is used, the claims refer to a stent body comprised of a "wire." There is nothing in the claims that discloses the use of material attached to the wire. Further, with the exception of the reference cited by Medtronic, there is no other reference in the specification of material attached to the wire that forms the stent body.

To clarify, the Court did intend its construction of the term to be limited to a stent without any fabric or other graft material attached, *i.e.* what Plaintiffs term a "closed-ended" construction. In its Claim Construction Order, the Court did not clearly express the fact that it did not find persuasive Medtronic's argument that the reference in the specification to using the stent for the repair of aneurysms or to support artificial vessels supported a construction of the

term "stent" that included a combination of a stent with fabric or other graft material attached. That conclusion was based in part upon the reference to the Cragg article that was cited by Gore during the claim construction hearing and that is referenced in the '828 Patent.

Further, although the parties presented the term "stent" to the Court for construction as a limitation, notwithstanding the fact that it was used in the preamble of the claims and although neither Plaintiffs nor Gore addressed the cases regarding the proper construction of preamble terms in their claim construction briefs, the Court shall not preclude the parties from addressing that issue now.

Accordingly, the Court GRANTS Plaintiffs' request for clarification, and has in this Order clarified its construction of the term stent as used in the Wiktor Patents. The Court shall also GRANTS Plaintiffs' motion for leave to file a motion for reconsideration, which shall address Plaintiffs' arguments on: (1) why the Cragg article does not support the Court's construction of the term "stent" as used in the Wiktor Patents; and (2) why the use of the term stent in the preamble does not support the Court's construction of the term stent as to those patents.

Plaintiffs' motion for reconsideration shall be limited to ten (10) pages and shall be due on November 14, 2007. Defendant's opposition shall be due on November 21, 2007. Plaintiffs' reply shall be due on November 28, 2007. If the Court requires a hearing, it shall notify the parties via a Clerk's Notice of the date and time of such hearing.

**IT IS SO ORDERED.**

Dated: October 30, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2