IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiff,

v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.

No. C 06-04455 JSW

**ORDER ON MOTION TO RECONSIDER CLAIM CONSTRUCTION OF "STENT"**

## INTRODUCTION

This matter comes before the Court upon consideration of the motion for reconsideration filed by Plaintiffs, Medtronic, Inc., Medtronic, U.S.A., Inc., and Medtronic Vascular, Inc. (collectively "Medtronic"). The matter is fully briefed, and the Court finds the matter suitable for disposition without oral argument. The Court HEREBY GRANTS Medtronic's motion for reconsideration.

Also before the Court is Medtronic's request for leave to file the Expert Declaration of Dr. Dimitris Lagoudas in support of its motion for reconsideration, which responds further to the *Cragg* article that fueled, in part, Medtronic's request for reconsideration. The Court has not considered the Cragg article to which the declaration responds in reconsidering the construction of the term "stent." Accordingly, the Court DENIES AS MOOT this latter motion.

# DISCUSSION[1]

On October 19, 2007, this Court issued its Claim Construction Order. In that Order, the Court construed the term "stent," as it is used in U.S. Patent Nos. 4,886,062 ("the '062 Patent"), 6,656,219 ("the '219 Patent"), and 6,923,828 ("the '828 Patent") (collectively, "the Wiktor Patents") to mean: a supporting device, without any attached fabric or graft material. (Docket No. 91.)

On October 29, 2007, Medtronic filed a motion for clarification of the Court's construction of this term to determine if the Court had intended an "open-ended" or a "closed-ended" construction. (Docket No. 93.) On October 30, 2007, the Court clarified that, in Medtronic's terms, it intended a "closed-ended" construction, and granted Medtronic leave to file the instant motion addressing whether the Court's construction was correct or whether the term stent should be construed to mean "a supporting device."

Having considered the parties' arguments, relevant legal authority, and the record in this case, the Court concludes that its prior construction was incorrect and GRANTS Medtronic's motion. When the term stent is used in the preamble of the claims, it is followed by the open-ended transitional term "comprising." This term supports Medtronic's position that the claims may incorporate additional, unrecited elements. *See, e.g., CollegeNet, Inc. v. Apply Yourself, Inc.*, 418 F.3d 1225, 1235 (Fed. Cir. 2005); *Vehicular Techs. Corp. v. Titan Wheel Int'l, Inc.*, 212 F.3d 1377, 1383-84 (Fed. Cir. 2004) ("A drafter uses the term 'comprising' to mean 'I claim at least what follows and potentially more.'"). Moreover, upon further review of the claims and the specification, the Court cannot say Wiktor clearly disavowed or disclaimed the broad construction of "stent" that Medtronic seeks. Accordingly, the Court cannot say that the term "stent" should be limited to a bare stent, reconsiders and reverses its previous construction, and concludes that the term "stent" as used in the Wiktor Patents should be construed to mean "a supporting device."

---

[1] The Court shall not repeat the standards applicable to claim construction, which are set forth in full in its Order construing the claims, and which have been applied in this Order. (*See* Claim Construction Order at 4:4-7:5.)

**CONCLUSION**

For the foregoing reasons, Medtronic's motion for reconsideration is GRANTED. The parties are HEREBY ORDERED to appear, as scheduled for the case management conference on December 21, 2007 at 1:30 p.m. If, in light of this Order, any modifications need to be made to the Joint Case Management statement filed on November 9, 2007, they shall submit a supplemental case management statement by December 14, 2007. If no modifications are required, no further case management statement is necessary.

**IT IS SO ORDERED.**

Dated: November 30, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE