**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiffs,

    v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.

No. C 06-04455 JSW

**ORDER GRANTING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF CLAIM CONSTRUCTION TERMS**

Now before the Court is the motion for leave to file a motion for reconsideration filed by W.L. Gore & Associates, Inc. ("Gore"). Pursuant to Northern District Civil Local Rule 7-9(b), a party seeking leave to file a motion for reconsideration must demonstrate, *inter alia*, that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." N.D. Civ. L.R. 7-9(b)(1).

Gore seeks leave of court to file a motion for reconsideration of this Court's claim construction orders based on new facts, specifically extrinsic evidence that demonstrates the inventor's understanding of the scope of his invention. Gore contends that although Plaintiffs produced the documents supporting the motion for reconsideration on July 26, 2007, after briefing was complete but before the *Markman* hearing, those documents were produced in random order. Plaintiffs apparently rectified that error beginning in December 2007.

Gore further contends that it "was only able to begin an effective review" of the document production after December 19, 2007 and that, thereafter, it conducted depositions of the pertinent witnesses. (*See* Docket No. 151-2 (Proposed Motion for Reconsideration at 2:1-22).)[1] In light of the errors associated with the original document production, the Court concludes that Gore has met its burden to show reasonable diligence. Accordingly, the motion for leave to file a motion for reconsideration is GRANTED. The proposed motion for reconsideration is DEEMED FILED. Plaintiffs shall file a response to Gore's motion to seal by no later than May 19, 2008.

Plaintiffs shall file an opposition brief to the motion for reconsideration, not to exceed ten pages, by no later than May 29, 2008. Gore shall file its reply brief, not to exceed seven pages, by no later than June 5, 2008. The Court shall notify the parties if it believes a hearing is necessary. By this Order, the Court is not altering any pending deadlines.

**IT IS SO ORDERED.**

Dated: May 15, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] From the Court's review of the exhibits submitted with the motion for reconsideration, it appears that the documents on which Gore relies were produced on December 19, 2007.

2