IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., et al.,

    Plaintiffs,

v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.

No. C 06-04455 JSW

**ORDER DENYING MOTION FOR RECONSIDERATION**

    Now before the Court is the motion for reconsideration filed by Defendant W.L. Gore & Associates, Inc. ("Gore"), in which Gore asks this Court to reconsider its claim construction of the term "stent" as that term is used in the asserted claims of United States Patent Nos. 4,886,062, 6,656,219 and 6,923,828 ("the Wiktor Patents"). Having considered the parties' papers, relevant legal authority, and the record in this case, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

    The Court initially construed the term "stent" to mean "a supporting device, without any attached fabric or graft material." (*See* Declaration of Joshua Walsh-Benson in Opposition to gore's Motion for Reconsideration ("Walsh-Benson Decl."), Ex. 1 (Oct. 19, 2007 Claim Construction Order at 16:21-22).) On Plaintiffs' motion, the Court reconsidered that construction and construed the term "stent" to mean "a supporting device." (*Id.*, Ex. 2 (Order on Motion to Reconsider Claim Construction of "Stent") at 2:22-25).)

    Gore argues that the Court should reconsider its prior constructions on the basis that extrinsic evidence, consisting of statements by Wiktor, demonstrates that Wiktor had not conceived of or reduced to practice a resilient stent or a covered stent, at the time he filed the

applications for the Wiktor Patents. The Court has considered Gore's arguments, but finds no basis to overturn its determination that the term "stent" should be construed to mean "a supporting device." Accordingly, Gore's motion is DENIED.[1]

**IT IS SO ORDERED.**

Dated: June 30, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] With respect to the "low memory metal" limitation proposed by Gore, the stents in question are formed from wires. Gore's argument on the low memory metal limitation appears to address the material out of which those wires are made. However, the claims of the patents-in-suit include wire as a separate claim term. Gore initially presented the term "wire" as a term to be construed. (*See* Docket No. 51 (Joint Claim Construction Statement, Ex. A). However, the Court determined that the parties presented more than ten terms for the Court to construe and also stated that it appeared that they had not agreed which terms required construction. Accordingly, the Court ordered them to meet and confer to narrow the issues for claim construction. (*See* Docket No. 64.) In the revised Joint Claim Construction statement, the parties did not submit the term "wire" for construction. (*See* Docket No. 70.)

2