IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., ET AL,

    Plaintiff,

    v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.
    _____/

No. C 06-04455 JSW

**NOTICE OF TENTATIVE RULING AND QUESTIONS FOR HEARING**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING TENTATIVE RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON September 12, 2008 at 9:00 a.m.:

    The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court also suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively denies in part** the motion to strike and **tentatively grants** Gore leave to depose Mr. Peterson. The Court reserves issuing a tentative ruling on the motion for summary judgment.

The parties shall each have twenty (20) minutes to respond to the following questions.

1.  The Peterson Declaration does not contain any information regarding Jervis' efforts to exercise reasonable diligence in reducing his invention to practice.

    a.  What are the parties' best arguments that the declaration is or, as the case may be, is not material to resolution of Gore's motion?

    b.  Apart from the Peterson Declaration, what evidence in the record supports Plaintiffs' position that Jervis exercised diligence in reducing the invention to practice?

2.  a.  In their briefs, Plaintiffs argue that Gore's evidence in support of its motion for summary judgment is inadmissible. What is Plaintiffs' response to Gore's assertion that these documents would be admissible as admissions?

    b.  Plaintiffs also assert that Gore has "admitted in its invalidity contentions that persons of skill in the art (at the relevant time) knew how to use shape-memory alloys to self-expand stents" and refer the Court, generally, to Exhibits B-D of the Wang Declaration. To what pages in those exhibits do Plaintiffs refer?

3.  With respect to Gore's argument that the asserted claims in the Wiktor Patent are invalid for lack of enablement, Plaintiffs argue that Gore's arguments are premised upon "un-recited features," such as the type of wire used to form the stent. However, every claim of the Wiktor patents requires a "wire." The Court, when it construed the term "stent," refers to self-expanding or resilient stents. It would appear that in arguing their positions on the term "stent," the parties raised the issue of how the term "wire" should be construed. However, as noted in the Court's Order denying Gore's motion for reconsideration, that term was not presented to the Court for construction.

    a.  What are the parties' best arguments that the Court can resolve the enablement issue without first construing the term "wire?"

    b.  Do the parties wish to present additional briefing on how that term should be construed, or would their arguments be duplicative of their arguments on the proper construction of the term stent?

4.  What is Plaintiffs' response to Gore's statements in footnote 3 of its brief, regarding Plaintiffs' responses to requests for admission in *Medtronic, Inc. v. AGA Medical Corp.*, 07-567?

5.  With respect to Gore's argument that claims of the Jervis Patent are invalid because Jervis simply substituted one property of a known material for another known property in a known medical device, is the Court correct that Gore's evidence in support of its position that the result would be predictable to one of ordinary skill in the art is the prior art references on which it relies?

    a.  Do Plaintiffs have any authority that suggests Gore is *required* to submit expert testimony on the meaning of the articles and prior art references on which it relies to meet its burden on the issue of obviousness?

2

   b.   Why is it not sufficient for the Court to look to the references in comparison to the Jervis Patents?

   c.   Do Plaintiffs claim that any of the references cited by Gore teach away from the inventions claimed in the Jervis Patents? If so, where in those references do Plaintiffs find support for that position. *See, e.g., SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1357 (Fed. Cir. 2000) (citing *In re Gurley*, 27 F.3d 551, 553 (Fed. Cir. 1994).

6.   a.   Is it Plaintiffs' position that it is Gore's "simple substitution" theory of invalidity that is the new invalidity argument? (*See* Opp. Br. at 22:6 ("Gore impermissibly raises **this** as a new invalidity argument in their motion." (emphasis added).)

   b.   Why is that argument not encompassed within Gore's Final Invalidity Contentions?

7.   To the extent Plaintiffs rely on licenses to show that there are genuine issues of material of fact in dispute on the issue of whether the Jervis Patents are obvious, where in the evidence can the Court find a "nexus between the merits of the invention and the licenses of record?" *See In re GPAC, Inc.*, 57 F.3d 1573, 1580 (Fed. Cir. 1995).

8.   a.   With respect to Gore's arguments that the Jervis Patents are invalid under 35 U.S.C. § 112, ¶ 2, is the Court correct that Gore's argument focuses on the term "stress induced martensite," as that term is used in the asserted claims? If not, what additional claim terms does Gore contend are indefinite, and where in its motion can the Court find argument regarding such terms?

   b.   Plaintiffs argue that the fact that its competitors have taken licenses demonstrate that the claims of the Jervis Patents are sufficiently definite. The evidence submitted suggests that at least some of those licenses may have been granted in connection with resolving litigation. How do licenses negotiated in connection with settlements, which arguably may reflect business decisions, demonstrate that one skilled in the art would understand the bounds of the asserted claims of the Jervis Patents in light of the patent specifications?

9   Plaintiffs have asked that this Court seal portions of the record. The Court requests that Plaintiffs provide further support for their position that the documents attached as Exhibits G-I to the BianRosa Declaration and the portions of the Jervis deposition quoted at page 15-16 of Gore's briefs is, in fact, information that is entitled to be sealed, rather than information Plaintiffs would prefer not be disclosed to the public.

10.   Are there any other issues the parties wish to address?

Dated: September 11, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3