**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., ET AL,<br><br>    Plaintiff,<br><br>    v.<br><br>W.L. GORE & ASSOCIATES, INC.,<br><br>    Defendants.<br>_____ / | No. 06-04455 JSW<br><br>**ORDER DENYING MOTION TO STRIKE THE DECLARATION OF JAMES PETERSON BUT ALLOWING LIMITED DISCOVERY** |

**INTRODUCTION**

Now before the Court for consideration is the Motion to Strike the Declaration of James Peterson filed by Defendant W.L. Gore & Associates, Inc. ("Gore"). Having considered the parties' papers, relevant legal authority, and the record in this case, and having had the benefit of oral argument, the Court HEREBY DENIES the motion to strike. However, in the event the Court denies Gore's pending motion for summary judgment, the Court shall reopen discovery for the limited purpose of permitting Gore to depose Mr. Peterson.

**BACKGROUND**

Plaintiffs, Medtronic, Inc., Medtronic USA, Inc., and Medtronic Vascular, Inc. (collectively "Medtronic"), filed this suit in which they allege that Gore infringes, *inter alia*, U.S. Patent Nos. 5,067,957 ("the '957 Patent"), 5,190,546 ("the '546 Patent"), and 6,306,141 ("the '141 Patent") (collectively, "the Jervis Patents"). The Jervis Patents are directed, in general, to medical devices or methods for implanting such medical devices into a human body.

Gore has filed a motion for summary judgment in which it contends, *inter alia*, that the Jervis Patents are invalid pursuant to 35 U.S.C. § 103, because the claims are obvious in view of prior art, including but not limited to Andrew Cragg, et al., "A New Percutaneous Vena Cava Filter," 141 *Am. J. Roentgenology* 601-604 (September 1983) (the "Cragg Filter Article").

In opposition to Gore's motion, Medtronic submitted a declaration from James Peterson, which was offered to rebut Gore's assertion that the Cragg Filter Article is prior art to the Jervis Patents, the earliest of which has a filing date of October 14, 1983. *See, e.g., Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1578-79 (Fed. Cir. 1996). It is undisputed that Mr. Peterson was not disclosed by Medtronic as a witness in initial disclosures or any supplements thereto. (*See*, *e.g.,* Declaration of Jennifer BianRosa in Support of Gore's Motion to Strike, Ex. 1; *see also* Declaration of Ellen Wang in Opposition to Motion to Strike, Ex. 1.) Mr. Peterson's name, however, appears throughout documents produced in this litigation and the file history for the original Jervis patent identifies him as a prosecuting attorney.

**ANALYSIS**

Gore initially asked that the Court strike the Peterson Declaration from the record in connection with the motion for summary judgment and also asked that the Court preclude Medtronic from calling Mr. Peterson as a witness at trial. (Mot. at 3:11-13.) At the hearing on the motion for summary judgment, however, Gore stated that, for purposes of the motion for summary judgment, it would withdraw its reliance on the Cragg Filter Article. Accordingly, the Court need not consider the Peterson Declaration in order to resolve the pending motion for summary judgment. Therefore, Gore's motion to strike the Peterson Declaration from the summary judgment record is DENIED AS MOOT.

Gore also, however, asks the Court to strike Peterson as a witness at trial. Federal Rule of Civil Procedure 37(c) provides, in pertinent part, that "if a party fails ... identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that ... witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). That rule, however, does not mandate exclusion of a

witness who has not been identified.  *See id.* 37(c)(1)(A)-(C) (setting forth additional or alternative sanctions).

Medtronic argues that because Mr. Peterson is named in the file histories of the patents in suit and is named in other documents, Gore was on notice that he was a potential witness. Medtronic also argues that Mr. Peterson was offered solely as a rebuttal witness to Gore's affirmative defense of invalidity and, thus, that it was not required to disclose him under Rule 26.  Gore responds that Medtronic was on notice that Gore intended to rely on the Cragg Filter Article well before it filed its motion for summary judgment.  Gore argues, however, that it was not on notice that Medtronic intended to attempt to dispute that the Cragg Filter Article was prior art, until Medtronic filed the opposition to the motion for summary judgment.  Gore also argues that it was not on notice that Medtronic would rely on Mr. Peterson to support such an argument.

Having carefully considered the parties' arguments, the Court finds no reason to strike Mr. Peterson as a witness at trial.  However, the Court also is not entirely persuaded by Medtronic's argument that Gore would have been on notice that Mr. Peterson possessed information relevant to the purpose for which he is being offered.  September 12, 2008.

Accordingly, if the Court denies Gore's motion for summary judgment on invalidity, the Court shall reopen discovery for the limited purpose of permitting Gore to depose Mr. Peterson. The Court shall address any associated deadlines with completing the Peterson deposition in its Order on the motion for summary judgment.

**IT IS SO ORDERED.**

Dated: September 15, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE