**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., et al., | |
| Plaintiffs, | No. 06-04455 JSW |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART W.L. GORE & ASSOCIATES, INC.'S MOTION FOR A BIFURCATED OR PHASED TRIAL** |
| W.L. GORE & ASSOCIATES, INC., | |
| Defendant. | |
| / | |

This matter comes before the Court upon consideration of the Motion for a Bifurcated or Phased trial filed by W.L. Gore & Associates, Inc. ("Gore"). Having considered the parties' papers, the record in this case, and relevant legal authority, the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b).

**ANALYSIS**

Federal Rule of Civil Procedure 42(b) provides, in pertinent part, that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." The determination of whether to bifurcate a trial is a matter within the Court's discretion. *See Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985), *superseded by statute on other grounds*; *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). "Factors to be considered when determining whether to bifurcate a trial include: avoiding prejudice, separability of the issues, convenience, judicial economy, and reducing risk of

confusion." *Bates v. United Parcel Serv.*, 204 F.R.D. 440, 448 (N.D. Cal. 2001).

This case involves two families of patents, the Wiktor Patents and the Jervis Patents, numerous asserted claims, and six accused products. Gore asks that the Court conduct the trial in three phases: (1) general background information and issues relating to liability on the Jervis Patents; (2) issues relating to liability on the Wiktor Patents; and (3) damages. Plaintiffs argue that this case is not complex and that Gore's proposed phasing will not promote judicial economy. The Court concurs, in part, with Plaintiffs.

Although it does not appear that there will be any overlapping evidence or inconvenience to witnesses, the Court is not persuaded that the subject matter regarding the Jervis and the Wiktor patents is so complex that the jury would be confused. Further, the Court is not persuaded by Gore's arguments that judicial economy would be promoted by two separate trials on liability and a subsequent trial on damages.

The Court, however, concurs with Gore that the issue of damages should be bifurcated from the liability phase of the trial. Although the measure of damages may not be exceedingly complex, because of the number of accused devices and the number of claims at issue, it is possible that a jury's findings at the liability phase would significantly narrow what damages are available to Medtronic. Accordingly, the Court finds that it would promote judicial economy and avoid prejudice to bifurcate the issues of liability and damages. However, the Court intends to move immediately to the damages phase of the trial once liability has been resolved. There shall be no delay between the two phases.

Accordingly, for the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART Gore's Motion for a Bifurcated or Phased Trial.

**IT IS SO ORDERED.**

Dated: December 9, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2