**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDTRONIC, INC., ET AL, | |
| Plaintiff, | No. 06-04455 JSW |
| v. | **ORDER DETERMINING INVALIDITY DEFENSE TO JERVIS PATENTS BASED ON INDEFINITENESS** |
| W.L. GORE & ASSOCIATES, INC., | |
| Defendants. | |

On December 9, 2008, the Court denied the motion for summary judgment filed by Defendant W.L. Gore & Associates, Inc. ("Gore"), in which Gore argued, *inter alia*, that the claims of the Jervis Patents are invalid on the basis that they are indefinite. The Court noted that it did not intend to preclude Gore from introducing additional evidence on the defense at trial, but that if Gore did not have additional evidence, the ruling would be considered final. (Docket No. 307 (Order Denying Motion for Summary Judgment at 18:27-19:4).)

At a further case management conference, Gore stated that it did intend to introduce additional evidence on the issue at trial and requested guidance from the Court as to how to proceed. (*See* Docket No. 320 (Joint Case Management Statement at 8:11-24).) The Court ordered the parties to submit further submissions on this issue. The matter is now ripe for consideration. Because the facts underlying the instant dispute are set forth in the Order denying Gore's motion for summary judgment, the Court shall not repeat them here.

On June 1, 2009, Medtronic submitted its final decision regarding the number of claims to be presented to the jury. With respect to the Jervis Patents, Medtronic asserts the following

claims against Gore: (1) Claims 1, 5, 6, 10, 12 and 16 of U.S. Patent No. 5,067,957; (2) Claim 27 of U.S. Patent No. 5,190,546; and (3) Claims 1, 2, 6, 7, 18 and 22 of U.S. Patent No. 6,306,141.

**A.     Legal Standards Applicable to a Determination of Indefiniteness.**

Section 112, paragraph 2 provides in relevant part: "[t]he specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2. "Because claims delineate the patentee's right to exclude," Section 112, paragraph 2 "requires that the scope of the claims be sufficiently definite to inform the public of the bounds of the protected invention, *i.e.,* what subject matter is covered by the exclusive rights of the patent." *Halliburton Energy Servs., Inc. v. M-I LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008); *see also Allen Eng. Corp. v. Bartell Indus. Inc.*, 299 F.3d 1336, 1348 (Fed. Cir. 2002) (Section 112, paragraph 2 contains two requirements: (1) the claim must set forth what the patentee regards as his invention; and (2) it must do so with sufficient particularity and distinctness).

"In determining whether the claim is sufficiently definite, we must analyze whether 'one skilled in the art would understand the bounds of the claim when read in light of the specification.'" *Allen*, 299 F.3d at 1348 (quoting *Personalized Media Communications, LLC. v. Int'l Trade Comm'n*, 191 F.3d 696, 705 (Fed. Cir. 1998)). This latter inquiry can be achieved by a "simple comparison" of the claims with the specification. *Id.* The Federal Circuit has stated that claims that are "'not amenable to construction or [are] insolubly ambiguous are indefinite." *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1371 (Fed. Cir. 2008) (quoting *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005)). "Because a patent is presumed to be valid," Gore's "evidentiary burden to show facts supporting a conclusion of invalidity is one of clear and convincing evidence." *Automotive Tech. Int'l Inc. v. BMW of North Am., Inc.*, 501 F.3d 1274, 1281 (Fed. Cir. 2007) (citing *AK Steel Corp. v. Sollac & Ugine*, 344 F.3d 1234, 1238-39 (Fed. Cir. 2003)).

//

//

**B.     Analysis.**

Gore submits the additional evidence, or excerpts thereof, on which it intends to rely at trial in order to establish that the asserted claims of the Jervis Patent are indefinite, and it raises the same two arguments in support of this defense as it did in its motion for summary judgment. First, Gore argues that the asserted claims are indefinite because one of ordinary skill in the art would not know how much stress-induced martensite must be present to fall within the claims. Second, Gore argues that the asserted claims are indefinite because one of ordinary skill in the art would not know how to test for stress-induced martensite.

The Court has concluded that the term "stress-induced martensite" is not a term of degree. Thus, there is no requirement that the claims include a standard for measuring how much "stress-induced martensite" is present. *See, e.g., Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1372 (Fed. Cir. 2008). That conclusion was not based upon any evidence submitted by Gore. (*See* Order Denying Motion for Summary Judgment at 16:23-18:6.) Accordingly, the additional evidence submitted by Gore does not alter the Court's conclusion that Gore has not shown the term "stress induced martensite" is invalid for indefiniteness on this basis.

The Court also rejected Gore's second argument, based on its review of the claims and the specification, when it denied Gore's motion for summary judgment. (*Id.* at 18:7-19:28.) The additional evidence Gore submits, however, pertains to the issue of whether the accused devices infringe the claims of the Jervis Patents. As the Federal Circuit noted in *Star Scientific*, claim definiteness does not hinge on whether an accused infringer is able to compare the claims with the allegedly infringing products. Rather, it depends upon whether a person of ordinary skill in the art would be able to determine the metes and bounds of the claimed invention. 537 F.3d at 1372-73. Assuming, without deciding, that this evidence would be admissible at trial, none of the materials Gore submits alters the Court's conclusion that the term stress induced martensite renders any of the asserted claims indefinite.

//

//

Accordingly, the Court's ruling on Gore's motion for summary judgment on this issue is final, and Gore shall not be permitted to present this defense at trial.

**IT IS SO ORDERED.**

Dated: June 3, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE