IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MEDTRONIC, INC., ET AL,

    Plaintiff,

v.

W.L. GORE & ASSOCIATES, INC.,

    Defendant.

No. C 06-04455 JSW

**COURT'S INTENDED VOIR DIRE**

## STATEMENT OF THE CASE

This is a patent case brought by Plaintiffs, Medtronic Incorporated, Medtronic USA Incorporated, and Medtronic Vascular Incorporated. For simplicity, these three related companies will be collectively referred to as "Medtronic." Medtronic claims that the Defendant, W.L. Gore & Associates ("Gore")), has infringed six patents owned by Medtronic that relate to implantable medical devices. "Infringed" means using the intellectual property protected by a patent without permission of the patent owner.

Medtronic and Gore both design, manufacture, and sell medical devices to doctors and hospitals. In this case, Medtronic has accused Gore's EXCLUDER, TAG, VIABAHN, VIABIL, and VIATORR stent graft devices of infringing its patents. A stent graft is a combination of a metal stent together with a plastic or cloth liner that is bonded to the stent. The stent graft can be inserted into a clogged or defective blood vessel to allow blood to flow freely through the vessel and to prevent the vessel from rupturing or collapsing. Another type of medical device at issue in this case is known as an "occluder" and is used to repair a hole in or near the heart.

1  Medtronic has also accused Gore's HELEX occluder product of infringing certain of its patents.

2  Gore does not dispute, for reasons it will explain, that it infringes three of the six
3  Medtronic patents, but Gore denies that it infringes the remaining three patents because it
4  claims to use different technology than that covered by these patents. In addition, Gore asserts
5  that all six of Medtronic's patents are invalid for various reasons.

6  If you are selected for the jury, you will see documents and hear the testimony of
7  witnesses to explain to you the issues in this case. It will then be up to you to determine
8  whether Gore's products infringe Medtronic's patents and whether Medtronic's patents are
9  invalid.

## QUESTIONS FOR THE PANEL

11  1.  Has any member of the panel heard or read anything about the case?

12  2.  As I indicated, my name is Jeffrey S. White. Do any of you know me?

13  3.  My courtroom deputy is Jennifer Ottolini and my Law Clerks are Daisy
14  Salzman, Melissa Goldberg, and Kristin Ring. Do any of you know any of these people?

15  4.  The law firms that are involved in this case are: Dechert LLP, Merchant &
16  Gould, Sonnenschein Nath & Rosenthal, Dickstein Shapiro, Osborn Maledon, and Locke Lord
17  Bissell & Liddell. I will now ask the lead attorneys for both parties to introduce themselves, the
18  other attorneys participating in this case, and their client representatives.

19  Are you related to or personally acquainted with any of those attorneys, or have you
20  ever been represented by any of these attorneys or other associates or members of these law
21  firms?

22  5.  The parties may also present testimony from the following individuals: David
23  Adams, Ace Baty, Ph.D, Ramon Berguer, M.D., Ph.D., Bruce J. Brender, M.D., Andrew Cragg,
24  M.D., Bret Dooley, Jeffrey Feinstein, M.D., Ken Gall, Ph.D., John Gasner, Jeff Hobaugh,
25  Joanne Hopmeyer, Ph.D., Meredith Huetter, James Jervis, Terri Kelly, Mike Jaro, Chistopher
26  Lasley, Lilip Lau, Jim Machlek, Brennan Marilla, Jonathan Morris, Victor Parsonnet, M.D.,
27  James Peterson, John Putnam, Ph.D., Joseph Rysavy, Larry Sheron, Robert Sinclair, Ph.D.,
28

1  John Sininger, Katie Szyman, Creag Trautman, Chistopher Velluturo, Ph.D., Michael Vonesh,
2  Ph.D., Scott Ward, Amy Wells, Dominik Wiktor, Rodney Wolff, and Christopher Zarins, M.D.
3      Are any of you related to or personally acquainted with any of these individuals.
4      6.     As I indicated, the parties in this case are: Medtronic, Inc., Medtronic USA, Inc.,
5  Medtronic Vascular, Inc., and W.L. Gore & Associates, Inc.
6      (a)     Are you personally acquainted with any officer, director or employee of any of
7  these companies?
8      (b)     Do you or any member of your household now own, or have you ever owned any
9  stocks or bonds in any of these companies?
10     (c)     Have any of you, any family member, or anyone close to you ever had any
11 dealings with, or relied financially in any way on any of these companies?
12     (d)     Have you, any family member, or anyone close to you have any strong feelings,
13 positive or negative, toward any of these companies?
14     (e)     Does or has your employer conducted business with any of these companies?
15     7.     Have any of you or any family members ever been employed, trained or had any
16 experience in any in any of the following subject areas: law; accounting or finance; manufacture
17 or sale of medical devices; engineering; medicine or healthcare; metallurgy or metals
18 technology?
19     8.     If you wish to respond to this next question at the bench, when it is your turn to
20 respond, please ask to approach the bench.
21     This case involves products to treat aneurysms, which are defects in a person's blood
22 vessels. Have any of you, a family member or close friend ever been diagnosed with or treated
23 for an aneurysm, or been treated for other cardiovascular health problems, including peripheral
24 vascular disease? Understanding this is a sensitive issue and without prying, can you tell us
25 whether you or they were satisfied with the treatment and care they received?
26     9.     Have any of you or members of your family ever had vascular surgery or had a
27 stent or other medical device implanted? If your answer is yes:
28     (a)     What type of device was implanted?

  (b) Do you know who the manufacturer of the medical device was?

  (c) Were there any serious complications?

 10. Have you, any family member, or someone close to you ever filed any of the following claims:

  (a) Worker's compensation claim?

  (b) Disability claim from a personal injury or illness?

If your answer is yes to either of those questions, please explain the circumstance and/or nature of the claim and explain if you were satisfied with the outcome.

 11. Do any of you have any knowledge of or experience with patents, including applying for a patent?

  (a). Did you, any member of your immediate family, or anyone close to you ever have any dealings with the United States Patent and Trademark Office?  If yes, what was the nature of these dealings?

  (b) Did your patent experience involve personally trying to obtain a patent?

  (c) What opinions have you formed about patents and the patent process?

  (d) Have you ever been involved in any legal action concerning patents?

 12. Have any of you ever worked for a company that had patented products or processes?

  (a) Will any of your personal experiences with patents impact your ability to be a fair and impartial juror in this case?

 13. Have any of you ever had a job that related to patents in any way, such as applying for patents, evaluating patents, licensing patents, or asserting patents in lawsuits?  If so, how did your job relate to patents?

 14. Does anyone have any positive or negative feelings about patents being granted for medical devices or medications?

 15. Have you ever been involved in the development of a new product or process?  If yes, please explain the nature of that experience.  For example, was it with a company?  If so, which company is/was it, what was the type of product, and what was your role?

4

16. Have any of you ever worked for a law firm that advised clients on patents, trademarks, copyrights or any other types of intellectual property matters? If yes, what type of work did you do?

17. Do any of you have any opinions or beliefs about patents, patent laws, or the United States Patent and Trademark Office that might keep you from being a fair and impartial juror in this case?

18. If clear and convincing evidence were presented supporting a finding of invalidity of a patent, would the fact that the United States Patent Office approved the issuance of a patent make you reluctant to find it not valid? If your answer is yes, please explain.

19. Have patent lawsuits, or threats of patent lawsuits, had any impact on the industry in which you work, good or bad? If your answer is yes, please explain.

20. Is there anything else that you would like to bring to the Court's attention (e.g., health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror in this case?

**IT IS SO ORDERED.**

Dated: August 17, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE