**United States District Court**
For the Northern District of California

1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MEDTRONIC, INC., et al.,

10          Plaintiffs,                       No. C 06-04455 JSW

11      v.                                    **ORDER RE GORE'S MOTION IN
                                              LIMINE NO. 5**
12   W.L. GORE & ASSOCIATES, INC.,

13          Defendant.
                                        /
14

15          This matter comes before the Court upon consideration of Gore's Motion in Limine No.

16   5, to exclude evidence contrary to the Court's claim construction.

17          Medtronic contends that Dr. Sinclair will opine that "if a nitinol alloy achieves

18   pseudoelasticity (also known as superelasticity) upon removal of stress, SIM was necessarily

19   created in the alloy." (*See* Opp. Br. at 2:23-26.)  If the Court understands this statement

20   correctly, it implies that evidence that an alloy behaves pseudoelastically is *conclusive* evidence

21   that the alloy contains stress-induced martensite, rather than evidence that the alloy *may* contain

22   stress-induced martensite.  As the Court understand's Gore's argument, Dr. Sinclair should not

23   be permitted to testify that an alloy that behaves pseudoelastically is *conclusive* evidence that

24   the alloy contains stress-induced martensite, because an alloy that behaves pseudoelastically

25   also may contain thermal induced martensite, *i.e.* pseudoelasticity is *not conclusive* evidence

26   that stress-induced martensite is present.  In the Court's view, that is a matter for the experts to

27   address and for the jury to decide.  For that reason, the Court **tentatively denies** motion in

28   limine no. 5, but will hear argument from Gore on this issue following jury selection.

1    However, the Court also notes that if the parties, in fact, dispute the meaning of the term

2    "pseudoelastic," that dispute impacts the Court's construction of the disputed claim term

3    "catheter at least partly formed from a pseudoelastic shape memory alloy."  Because the

4    parties' dispute centered on the term "catheter" and did not provide a separate construction of

5    "pseudoelastic shape memory alloy," the Court defined that term to mean "a tube inserted into a

6    cavity or duct that is made of, at least in part, a pseudoelastic shape memory alloy."

7    Accordingly, the parties are HEREBY ORDERED to meet and confer by no later than

8    August 24, 2009 on their respective positions regarding the meaning of the term

9    "pseudoelastic."  If the parties are able to resolve the matter, they shall file a stipulation and

10   proposed order with the Court setting forth their agreement.  If the parties are unable to resolve

11   the matter, they shall file a one page brief setting forth their positions by no later than 12:00

12   p.m. on Tuesday, August 25, 2009.  The Court reminds the parties that under the Local Rules,

13   all footnotes must be in 12 point font.  The Court shall then address the matter following jury

14   selection on August 26, 2009.

15   **IT IS SO ORDERED.**

16

17   Dated: August 18, 2009

18                                                              JEFFREY S. WHITE
                                                               UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

2