**United States District Court**
For the Northern District of California

1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7

8                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    MEDTRONIC, INC., ET AL,

10              Plaintiff,                          No. C 06-04455 JSW

11        v.                                        **COURT'S INTENDED**
                                                    **PRELIMINARY JURY**
12   W.L. GORE & ASSOCIATES, INC.,                  **INSTRUCTIONS (LIABILITY**
                                                    **PHASE)**
13              Defendant.

14   _____/

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Members of the jury, now it is time for the Court to instruct you about the law that you must follow in deciding this case.

The Court will start by explaining your duties and some general rules regarding burdens of proof, evidence and witnesses.

The Court will then explain some rules that apply to your conduct as jurors.

Finally, the Court will provide an overview of the issues to be decided at this trial.

Please listen very carefully to everything the Court says.

# DUTY OF JURY

Ladies and gentlemen, you are now the jury in this case.  It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**BURDENS OF PROOF**

In any legal action, facts must be proved by a required standard of evidence known as the "burden of proof." In a patent case such as this, there are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.

The first burden of proof standard is the preponderance of the evidence standard. In this case, Medtronic is charging Gore with patent infringement, and Medtronic has the burden of proving its patent infringement claims by a preponderance of the evidence.

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim or affirmative defense is more likely true than not true.

The second burden of proof standard is the clear and convincing evidence standard. In this case, Gore has asserted that the asserted claims in Medtronic's patents are invalid, and Gore has the burden of proving that the claims are invalid by clear and convincing evidence. In addition, Medtronic has asserted that Gore willfully infringed Medtronic's patent claims, and Medtronic also must prove its allegation of willful infringement by clear and convincing evidence.

When a party has the burden of proving any claim or affirmative defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you, therefore, should put it out of your mind in considering whether or not Medtronic or Gore have met their burdens of proof.

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence, along with any facts to which the lawyers have agreed. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.      Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they will say in their opening statements and closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.      Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the Court's ruling on it.

3.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  For example, if a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is proof of one or more facts from which you could find another fact.  For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**RULINGS ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)      the opportunity and ability of the witness to see or hear or know the things testified to;

(2)      the witness's memory;

(3)      the witness's manner while testifying;

(4)      the witness's interest in the outcome of the case and any bias or prejudice;

(5)      whether other evidence contradicted the witness's testimony;

(6)      the reasonableness of the witness's testimony in light of all the evidence; and

(7)      any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**United States District Court**
For the Northern District of California

# EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

1

**STIPULATIONS OF FACT**

2

      The parties have agreed to certain facts that will be read to you.  You should therefore

3

treat those facts as having been proved.

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

You should consider any deposition testimony that may be presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**USE OF INTERROGATORIES OF A PARTY**

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**United States District Court**
For the Northern District of California

**USE OF REQUESTS FOR ADMISSION**

Evidence may be presented to you in the form of answers of one of the parties to written requests for admission submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. Unlike answers to interrogatories, a party's answer to a request for admission is conclusively established.

United States District Court

For the Northern District of California

### CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**United States District Court**
For the Northern District of California

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including members of your family, people involved in the trial, or anyone else; this includes discussing the case in internet chat rooms or through internet "blogs," internet bulletin boards, or e-mails.  Nor are you allowed to permit others to discuss the case with you.  If anyone approaches you and tries to talk to you about the case, please let me know about it immediately.

Second, do not read or listen to any news stories, articles, radio, television, or online reports about the case or about anyone who has anything to do with it.

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

Fourth, if you need to communicate with me simply give a signed note to my Courtroom Deputy, Ms. Ottolini, to give to me.

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Finally, you may discuss with fellow jurors the testimony as it is presented, provided that all jurors are present for the discussion.  You are to keep an open mind throughout the case until you have fully deliberated.

**NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

United States District Court

For the Northern District of California

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left on your chair in the courtroom.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**QUESTIONS TO WITNESSES BY JURORS**

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

**United States District Court**
For the Northern District of California

1

## BENCH CONFERENCES AND RECESSES

2   From time to time during the trial, it may become necessary for me to talk with the

3   attorneys out of the hearing of the jury, either by having a conference at the bench when the jury

4   is present in the courtroom, or by calling a recess.  Please understand that while you are waiting,

5   we are working.  The purpose of these conferences is not to keep relevant information from you,

6   but to decide how certain evidence is to be treated under the rules of evidence and to avoid

7   confusion and error.

8   Of course, we will do what we can to keep the number and length of these conferences

9   to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider

10  my granting or denying a request for a conference as any indication of my opinion of the case or

11  of what your verdict should be.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California

1

### SUMMARY OF CONTENTIONS

2     To help you follow the evidence, I will now give you a summary of the positions of the

3  parties.

4     The parties in this case are Medtronic and Gore.  The case involves six United States

5  patents.  Three of the patents were obtained by Dominik M. Wiktor, and transferred by Mr.

6  Wiktor to Medtronic.  The three other patents were obtained by James E. Jervis and were also

7  transferred to Medtronic.  The three patents obtained in Mr. Wiktor's name are United States

8  Patents Number 4,886,062, 6,656,219, and 6,923,828.  The three Jervis patents are United

9  States Patents Number 5,067,957, 6,306,141, and 5,190,546.  For convenience, the parties and I

10  will often refer to individual patents using their last three numbers.  For example, U.S. Patent

11  Number 4,886,062 would be referred to as "the '062 Patent."  We may also refer to the six

12  patents collectively as the "patents in suit."

13     Medtronic filed suit in this court against Gore for allegedly infringing the patents in suit

14  by making, using, selling, and offering for sale products and performing methods, that

15  Medtronic argues are covered by various claims of the patents in suit.  Medtronic also argues

16  that Gore has actively induced infringement of two of the patents by others contributed to the

17  infringement of two of the patents by others.  The products that are alleged to infringe are the

18  EXCLUDER®, TAG®, VIABAHN®, VIATORR®, and VIABIL® stent graft products, and

19  the HELEX septal occluder.

20     Gore denies that it has infringed the asserted claims of the Jervis patents.  With respect

21  to the Wiktor patents, Gore does not dispute that, under the Court's claim construction, it

22  infringes the asserted claims of the Wiktor patents.  Apart from infringement, Gore contends

23  that the asserted claims of the Jervis and Wiktor patents in suit are invalid.  Gore contends that

24  the Jervis and Wiktor patents describe inventions that were not new, would have been obvious

25  to persons skilled in these fields, and in the case of the Wiktor patents, that the patents'

26  description is not sufficient to enable one to make and use the claimed invention.

27     Your job will be to decide whether the asserted claims of the three Jervis patents have

28  been infringed, and whether the asserted claims of all six Jervis and Wiktor patents are invalid.

22

If you decide that any asserted patent claim of a patent has been infringed and is not invalid, you will also need to make a finding as to whether the infringement was willful.

It is my job as judge to determine the meaning of any patent claim language that needs interpretation. You must accept the meanings I give you and use them when you decide whether any claim of the patent has been infringed and whether any claim is invalid.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

# OVERVIEW OF APPLICABLE LAW

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Medtronic has proven that it is more likely than not that Gore has infringed any of the asserted claims of the Jervis patents. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, an alleged infringer may infringe a patent by making, using, selling or offering for sale in the United States, a product or method that is covered by a claim of the patent. An alleged infringer may also indirectly infringe a patent by contributing to infringement by another entity, or by inducing another person or entity to infringe. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the Jervis and Wiktor patents are is invalid. As I just instructed you, a patent claim may be invalid for a number of reasons, including because it claims subject matter that is not new or is obvious. One way that a claim may be invalid is if it is not new. For a claim to be invalid because it is not new, Gore must show, by clear and convincing evidence, that all of the elements of the claim must be present in a single previous device or method, or described in a single previous printed publication or patent. We call these things "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or described in a single piece of "prior art" and the claim is, therefore, not anticipated, the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the time the invention was made. You will need to consider a number of questions in deciding whether the inventions

1   claimed in the patents in suit are obvious.  I will provide you detailed instruction on these

2   questions at the conclusion of the case.

3         A patent may also be invalid if its description does not meet the "enablement"

4   requirement.  To meet this requirement, the description in the patent has to be sufficiently full

5   and clear to have allowed persons of ordinary skill in the field of technology of the patent to

6   make and use the invention without undue experimentation, at the time the patent application

7   was originally filed.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

### OUTLINE OF TRIAL

2    The trial will now begin.  First, each side may make an opening statement.  An opening

3    statement is not evidence.  It is simply an outline to help you understand what that party expects

4    the evidence will show.

5    The presentation of evidence will then begin.  As I have mentioned, there are two

6    standards of proof that you will apply to the evidence, depending on the issue you are deciding.

7    On some issues, you must decide whether something is more likely true than not.  On other

8    issues you must use a higher standard and decide whether it is highly probable that something is

9    true.

10   Medtronic will present its evidence on its contention that some claims of the patents in

11   suit have been and continue to be infringed by Gore and that the infringement has been and

12   continues to be willful.  To prove infringement of any claim, Medtronic must persuade you that

13   it is more likely than not that Gore has infringed that claim.  To persuade you that any

14   infringement was willful, Medtronic must prove that it is highly probable that the infringement

15   was willful.

16   Gore will go next and present its evidence that the claims of the patents in suit are

17   invalid.  To prove invalidity of any claim, Gore must persuade you that it is highly probable that

18   the claim is invalid.  In addition to presenting its evidence of invalidity, Gore will put on

19   evidence responding to Medtronic's infringement and willfulness contentions.

20   Medtronic will then return and will put on evidence responding to alleged infringer

21   Gore's contention that the claims of the patents in suit are invalid.  Medtronic also will have the

22   option to put on what is referred to as "rebuttal" evidence to any evidence offered by Gore of

23   non-infringement or lack of willfulness.

24   Finally, Gore will have the option to put on "rebuttal" evidence to any evidence offered

25   by Medtronic on the validity of the claims of the patents in suit.

26   Because the evidence is introduced piecemeal, you need to keep an open mind as the

27   evidence comes in and wait for all the evidence before you make any decisions.  In other words,

28   you should keep an open mind throughout the entire trial.

After the evidence has been presented, I will give you final instructions on the law that applies to the case and the attorneys will make closing arguments.  Closing arguments are not evidence.  After the instructions and closing arguments, you will then deliberate on the issues addressed above.  After you have reached a verdict on these issues, we will begin a second phase of the trial.  I will have more to say on the second phase of the trial later.

**IT IS SO ORDERED.**

Dated: August 19, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE